UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-348-G |
| | ) |
| CHAD BACK, | ) |
| a/k/a Overflow, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Motion in Limine Regarding Jury Nullification (Doc. No. 46), which seeks to prevent Defendant Chad Back and defense counsel from mentioning during any phase of the trial proceedings that Defendant's state-prison sentences were commuted. The Government asserts that the commuted sentences are not relevant in any way and would invite jury nullification by evoking sympathy for Defendant. *See id.* at 1-2. Defendant has not filed a written response.

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Dunham*, 654 F. Supp. 3d 1183, 1187 (E.D. Okla 2023) (internal quotation marks omitted). "In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *Id.* "A court will generally not grant a motion *in limine* unless the moving

party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Id.* (internal quotation marks omitted).

I. *Jury Nullification*

Jury nullification "is the *de facto* ability of the jury to refuse to apply the law as instructed by the court, choosing instead 'to acquit out of compassion or compromise or because of the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'" *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008) (quoting *Standefer v. United States*, 447 U.S. 10, 22 (1980)). "[T]here is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999). Thus, "a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law." *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999).

From this, "it follows that parties can't argue nullification." *United States v. Valdivias*, No. 20-20054-02, 2024 WL 3936469, at *2 (D. Kan. Aug. 26, 2024). A defendant therefore "has no right to argue for jury nullification, to inform the jury of a guilty verdict's possible consequences, or to exclude the standard instruction against considering sentencing in jury deliberations." *Id.* at *3. Further, "a jury is obligated to 'reach its verdict without regard to what sentence might be imposed.'" *United States v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); *see* Tenth Cir. Pattern Crim. Jury Instr. No. 1.20.

*II.    Relevance*

Federal Rules of Evidence 401, 402, and 403 govern relevancy and exclusion of relevant evidence. Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 prescribes that all "[r]elevant evidence is admissible" except when such admissibility is limited constitutionally, statutorily, or by rule. *Id.* R. 402. And "[i]rrelevant evidence is not admissible." *Id.*

Rule 403 provides a court discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* R. 403.

*III.   Discussion*

Here, Defendant is charged with drug conspiracy, multiple counts of distribution of controlled substances, and multiple counts of possession of various controlled substances with intent to distribute. *See* Indictment (Doc. No. 1). The commutation of Defendant's state sentences does not appear directly or indirectly relevant to the elements of the charged crimes, and Defendant has not argued otherwise.

The Government's Motion in Limine Regarding Jury Nullification (Doc. No. 46) therefore is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that Defendant may not refer to or seek to introduce evidence of his commuted state sentences for the purpose of inviting jury nullification or to invoke sympathy for

3

Defendant. That said, the Government has not shown that evidence of Defendant's commuted state sentences is improper for any purpose. To that extent, the Motion is denied. If Defendant believes it appropriate to introduce evidence of his commuted state sentences, Defendant's counsel shall—outside the presence of the jury—request leave to offer the evidence upon a showing of a relevant and proper purpose. At that time, the Government will have the opportunity to lodge a contemporaneous objection.

    IT IS SO ORDERED this 18th day of December, 2024.

*[signature]*
CHARLES B. GOODWIN
United States District Judge