## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-348-G |
| | ) |
| CHAD BACK, | ) |
|    a/k/a Overflow, | ) |
| | ) |
|    Defendant. | ) |

### ORDER

Now before the Court is the Government's Rule 404(b) Notice and Motion to Pre-Admit Rule 404(b) Evidence (Doc. No. 30), seeking to admit evidence regarding certain of Defendant Chad Back's previous convictions. Defendant did not respond to the Motion in Limine within the time allowed by local rule, s*ee* LCrR 12.3, but stated at the hearing held on August 6, 2024, that he objects to admission of these prior convictions. Having considered the parties' arguments, the Court makes its determination.

    *I.*    *Applicable Law*

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2).

The following four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b)(2): "(1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). "The government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)).

   II.   *Discussion*

On August 16, 2023, a federal grand jury returned an eight-count Indictment against the defendant, Chad Back, who the Government alleges is also known by the alias "Overflow." The Indictment charges Defendant with one count of drug conspiracy in violation of 21 U.S.C. § 846 (July 24, 2019-July 16, 2020), four counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (on dates from July 2019 through September 2019), two counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (on dates in September 2019 and July 2020), and one count of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1)

(July 16, 2020). *See* Indictment (Doc. No. 1) at 1-5.[1] As relevant here, the Government alleges that Defendant, while in Oklahoma Department of Corrections ("ODOC") custody serving a state prison sentence, engaged in a conspiracy to distribute drugs using contraband cellphones, spanning from July 24, 2019, through July 16, 2020. *See* Indictment; Hr'g Tr. (Doc. No. 73) at 26:8-12.

The Government requests an order from the Court deeming evidence regarding certain of Defendant's previous convictions admissible at trial. *See* Gov't's R. 404(b) Notice at 11. Specifically, in its case-in-chief, the Government seeks to offer evidence related to Defendant's previous convictions for the following:

1. Trafficking in illegal drugs (methamphetamine) (Oklahoma County District Court, No. CF-2008-1487);

2. Conspiracy to possess a controlled dangerous substance with intent to distribute (heroin) (Oklahoma County District Court, No. CF-2017-598);

3. Using a telephone to facilitate the commission of a felony, to wit, conspiracy to traffic in a controlled dangerous substance (three counts) (Oklahoma County District Court, No. CF-2017-598);

4. Possession of contraband in a penal institution (Oklahoma County District Court, No. CF-2017-4285); and

5. Possession of contraband in a penal institution (Oklahoma County District Court, No. CF-2017-4286).

*See id.* at 2.

The Government initially represented that it intends to offer these prior convictions "for the purpose of showing opportunity, intent, preparation, plan, and knowledge." *Id.* at

---

[1] Defendant is also charged with aiding and abetting as to Counts 2 through 8. *See* Indictment at 2-8.

3

5. In its Supplemental Brief (Doc. No. 51) , the Government also argues that Defendant's convictions in Oklahoma County Case No. CF-2017-598 for (i) conspiracy to possess a controlled dangerous substance with intent to distribute and (ii) using a telephone to facilitate the commission of a felony, to wit, conspiracy to traffic in a controlled dangerous substance are admissible under Rule 404(b) to prove identity. Defendant objects that his prior convictions are not proper Rule 404(b) evidence and should not be admitted into evidence at trial. *See* Hr'g Tr. 91:16-97:13.

    *A. Case No. CF-2008-1487*

To begin, the Court finds that Defendant's conviction in Oklahoma County Case No. CF-2008-1487 for trafficking methamphetamine should not be admitted pursuant to Rule 404(b) at trial. The Government has not adequately explained how a sixteen-year-old conviction for trafficking methamphetamine outside of prison goes to show opportunity, intent, preparation, plan, and knowledge as to the charges set forth in the Indictment, which all relate to a drug conspiracy allegedly being run from inside of a state prison. And even assuming that this conviction could be offered for a permitted purpose under Rule 404(b)(2), this conviction "was so remote in time and dissimilar in character as to have little probative value." *United States v. Lawrence*, No. CR-10-11-D, 2010 WL 1875647, at \*4 (W.D. Okla. May 10, 2010). Accordingly, the potential for unfair prejudice that would accompany admission of the 2008 conviction substantially outweighs the conviction's probative value. *See id.*; *Moran*, 503 F.3d at 1144.

### B. *Case Nos. CF-2017-4285 and CF-2017-4286*

The Court similarly finds that the admission of Defendant's two Oklahoma state-court convictions for possession of contraband in a penal institution in Oklahoma County Case Nos. CF-2017-4285 and CF-2017-4286 would be improper under Rule 404(b). The Government has submitted no evidence to show that the contraband at issue in these two cases was cellphones. At the hearing, however, the Government argued that these contraband convictions are proper Rule 404(b) evidence because they tend to show that Defendant had the ability to get an item inside of prison that he was not supposed to have. *See* Hr'g Tr. 100:17-23.

Without knowing what kind of contraband was at issue in Oklahoma County Case Nos. CF-2017-4285 and CF-2017-4286, the Court cannot accept that these prior convictions are offered for a proper purpose under Rule 404(b). Further, the Court finds that any probative value associated with these convictions for possession of unknown contraband in a penal institution is substantially outweighed by the danger of unfair prejudice. *See Moran*, 503 F.3d at 1144; Fed. R. Evid. 403.

### C. *Case No. CF-2017-598*

The Court, however, finds that Defendant's convictions in Oklahoma County Case No. CF-2017-598 for conspiracy to possess a controlled dangerous substance with intent to distribute and for using a telephone to facilitate the commission of a felony, to wit, conspiracy to traffic in a controlled dangerous substance, are admissible under Rule 404(b).

First, the Government has offered these convictions for a proper purpose under Rule 404(b)(2)—to prove identity. At the August 6, 2024 hearing, Defendant disputed that he

was the person known as Overflow who orchestrated from prison, via contraband cellphones, the charged drug conspiracy. The Tenth Circuit instructs that "to prove identity, evidence of prior illegal acts need not be identical to the crime charged, so long as, based on a totality of the comparison, the acts share enough elements to constitute a signature quality." *United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (internal quotation marks omitted). Factors relevant to a 'signature quality' determination include "geographic location, the unusual quality of the crime, the skill necessary to commit the acts, or use of a distinctive device." *Id*. (citations omitted).

The Court agrees that the convictions in Oklahoma County Case No. CF-2017-598 and the charges set forth in the Indictment share an identifying, or "signature," quality: the use of contraband cellphones to facilitate a drug conspiracy from inside of a state prison. Accordingly, the Court finds that the convictions in Oklahoma County Case No. CF-2017-598 are properly offered for the purposes of proving identity.

Further, the Court finds that these convictions are relevant and are probative to the issue of identity and that this evidence's probative value is not outweighed by the potential for unfair prejudice. To the extent that a risk of prejudice accompanies the admission of these prior conviction, that risk can be mitigated by a limiting instruction. *See Moran*, 503 F.3d at 1144.

## CONCLUSION

The Government's Rule 404(b) Notice and Motion to Pre-Admit Rule 404(b) Evidence (Doc. No. 30) is GRANTED IN PART and DENIED IN PART. The Court finds that Defendant's convictions in Oklahoma County Case No. CF-2017-598 may be

referenced before the jury and qualifying evidence of the same may be offered for admission into evidence at trial, together with a limiting instruction.

    IT IS SO ORDERED this 18th day of December, 2024.

_____<br>
CHARLES B. GOODWIN<br>
United States District Judge