# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CR-23-348-G |
| | ) |
| CHAD BACK, | ) |
| a/k/a Overflow, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Second Notice of Intent to Use Rule 404(b) Evidence (Doc. No. 61). Defendant Chad Back has responded with objections to the Government's proposed use of the Rule 404(b) evidence and a request for an in-limine ruling excluding the evidence. *See* Def.'s Resp. & Mot. in Lim. (Doc. No. 86). The Government has responded (Doc. No. 89) to Defendant's motion in limine.

## I. Relevant Background

The federal grand jury returned an eight-count Indictment (Doc. No. 1) against Defendant on August 16, 2023. The Indictment charges the Defendant with: Count 1—Drug Conspiracy in violation of 21 U.S.C. § 846; Counts 2-5—Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1); Counts 6-7—Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); and Count 8—Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. 841(a)(1). Counts 2 through 7 of the Indictment each include a charge that Defendant aided and abetted in the alleged activity in violation of 18 U.S.C. § 2.

II.    *Legal Standards*

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2).

The following four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b)(2): "(1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).  When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000).  "The government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id.* (internal quotation marks omitted).

III.    *The Government's Second Rule 404(b) Notice*

As required by Federal Rule of Evidence 404(b)(3), the United States filed a notice that it intends to introduce Defendant's "membership in the Irish Mob prison gang" in order to prove that Defendant made "certain telephone calls involved in some of the controlled

buys conducted in this case," i.e., to establish Defendant's identity.  Gov't Second R. 404(b) Notice at 1.  The United States seeks an order from the Court "deeming evidence regarding [Defendant's] gang affiliation admissible at trial."  *Id.*

According to the Government, statements of Defendant's prior attorney at a previous hearing made clear that one of the main issues at trial will be whether Defendant is the person who was "using the phones in question during the controlled buys."  *Id.* at 2.[1] The Government asserts that the phone numbers used during the controlled buys were linked to an email address, "cb198533@gmail.com," that is a combination of the Defendant's initials (CB), his birth year (1985), and the number 33, which is represented to be "the numeric symbol of the Irish Mob."  *Id.*  Thus, the Government seeks to introduce evidence reflecting Defendant's membership in the Irish Mob gang, as well as some information about the gang's symbology, for the limited purpose of identifying Defendant as the user of the phones during the controlled buys.  *See id.*

The Government asserts that it "seeks to introduce only that the Irish Mob is a prison gang, of which [Defendant] is a member, and that one of the symbols of the Irish Mob is the number 33."  *Id.* at 4.  The Government states it "will not solicit any further information about the gang's activities, including drug dealing," thereby limiting the risk of unfair prejudice.  *Id.*[2]  The Government further plans to seek a limiting instruction.  *Id.*

---

[1] Defendant's current counsel represents that the Government is anticipating "a possible, but potentially unlikely defense theory."  Def.'s Resp. & Mot. in Lim. at 6.

[2] The Government's Notice of Expert Witness (Doc. No. 83) notes that the same expert who is expected to testify about the "symbology associated with the Irish Mob Gang" is expected to also testify about "patterns and practices employed by drug dealers who are

Defendant first argues that, if found relevant, the gang-affiliation evidence must be excluded under Federal Rule of Evidence 403 because it would create a substantial risk the jury will draw impermissible character inferences and be led, improperly, away from the issues of guilt. *See* Def.'s Resp. & Mot. in Lim. at 3. Next Defendant argues that the Government's proposed use of the evidence actually falls within the impermissible purpose of Rule 404(b)(1), i.e., using character to show propensity, and that the probative value is minimal. According to Defendant, connecting "33" to the other components in the email address is not conclusive identification evidence because other Irish Mob members could share those identifiers. Further, such a connection fails to "identify [Defendant] as the user of the phone," rather than as "merely a potential person who has had the phone registered." *Id.* at 7-8.

IV.   *Analysis*

A. Prong One: Proper Purpose

The use of gang-affiliation evidence for the Rule 404(b)(2) purpose of proving identity appears to be unusual. Neither party has provided authority directly addressing such a use.

The Tenth Circuit has considered and approved under Rule 404(b) the government's reliance upon gang-affiliation evidence to show the existence of a conspiracy, because the affiliation evidence shows circumstantially what is difficult to prove directly, e.g., conspiracy formation or purpose. See *United States v. Archuleta*, 737 F.3d 1287, 1293-94

---

incarcerated" and "terminology commonly associated with street-level drug transactions." *Id.* at 2. Defendant has not challenged the Government's presentation of this witness.

(10th Cir. 2013) (collecting cases). When used in this way, the appellate court has held that affiliation evidence is not sufficient alone to support a conviction, but that it can be used to "show that a fact of consequence is slightly more probable that it would appear without that evidence." *See United States v. Robinson*, 978 F.2d 1554, 1562-63 (10th Cir. 1992) (internal quotation marks omitted). Although one of the charges against Defendant is conspiracy, the Government does not seek to use Defendant's gang affiliation as evidence relating to the conspiracy charge, making such authority instructive but not a perfect fit.

The Court recognizes that affiliation evidence can show indirectly what is difficult to show directly, here specifically acting as circumstantial evidence of identity. Further, the Court recognizes that gang-affiliation evidence is circumstantial evidence of identification and would not be sufficient alone to support a conviction. The resulting question is whether the affiliation evidence supports an inference that makes a fact of consequence more likely when paired with other evidence supporting identification.

Here, the Government's proffered purpose for the gang-affiliation evidence is to establish the identity of Defendant circumstantially because, in the Government's view, combining the initials, the birth year, and the number 33 shows that the email address that is associated with the phone numbers used to make calls regarding the controlled drug buys is Defendant's own email address. *See* Gov't's Second R. 404(b) Notice at 3. The Government's position is that this chain of inferences lends support to the assertion that it was Defendant who made those phone calls. *See id.*

The Court finds that the gang-affiliation evidence referenced by the Government falls within a purpose permitted by Rule 404(b)(2): providing identity. *See* Fed. R. Evid. 404(b)(2); *Moran*, 503 F.3d at 1144.

B.  Prong Two: Relevance

In arguing that the evidence is relevant, the Government asserts that the "33" in the email address, placed in the context of its meaning as to the Irish Mob, is the link distinguishing Defendant as the single individual who should be associated with the phone account.  According to the Government, just the initials and the birth year alone are arguably not sufficient to establish identity, and it is Defendant's connection to the Irish Mob, and that gang's symbol 33, that fully connects the phone account to Defendant.

Defendant counters that the Government's theory, including the gang-affiliation and gang symbology evidence, serves no probative purpose to identify Defendant as the actual user of the phone during the relevant conversations, making the affiliation evidence superfluous to the Government's case and injurious to Defendant by inviting impermissible propensity inferences.

On the question of identity, using the gang-affiliation and symbology evidence for the purpose of identifying the owner of an email such as "Oklahoma33@gmail.com" would be unlikely in most cases to be sufficiently relevant because of how few alternate owner possibilities it eliminates.  But considering the email here, "cb198533@gmail.com," Defendant's biographical information, initials, and birth year, when paired with the Government's proposed evidence of a connection to the number 33, narrow the field substantially because each component aides in connecting Defendant with the email

address.  When taken collectively, the components identify Defendant's possible—and inferentially probable—connection to the phone account.  Although it is true that the phone-account owner and phone user are not conclusively established by this evidence alone, the evidence circumstantially aids in answering the question of who owns the email account, which could help identify who used the phones during the controlled buys.

Defendant asserts that the Government is attempting to use a Rule 404(b)(2) enumerated purpose, identity, as a backdoor for evidence that would only serve improper purposes under Rule 404(b)(1).  *See* Def.'s Resp. & Mot. in Lim. at 5-6.  Federal Rule of Evidence 404(b)(1) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  When deciding whether at-issue evidence is barred by the prohibition in Rule 404(b)(1) or admissible for a Rule 404(b)(2) proper purpose, "evidence remains admissible even if it has the potential impermissible side effect of allowing the jury to infer criminal propensity, so long as the jury is not *required* to make any such inferences."  *United States v. Henthorn*, 864 F.3d 1241, 1252 (10th Cir. 2017) (alteration and internal quotation marks omitted).  Exclusion is required under Rule 404(b) "if its relevance to another proper purpose is established *only* through the forbidden propensity inference."  *Id.* (alteration and internal quotation marks omitted).  Accordingly, other-act evidence "may be admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity."  *Moran*, 503 F.3d at 1145.

Here, the relevance of Defendant's gang affiliation does not stem solely from a chance of an impermissible propensity inference.  Rather, the gang-affiliation evidence is

relevant because it tends to identify Defendant as the phone user during the controlled buy phone calls, as the evidence supports a finding that Defendant owned the email linked to the account and phone numbers used to make those calls.

The Government therefore has sufficiently shown that the evidence is relevant to an issue other than character, as required for admission under Rule 404(b)(2). *See Moran*, 503 F.3d at 1144.

### C.  Prongs Three and Four: Rule 403 and a Limiting Instruction

Rule 403 permits the Court to exclude relevant evidence if "its probative value [is] substantially outweighed by its potential for unfair prejudice." *Id.* at 1144.  Because "virtually all relevant evidence is prejudicial to one side or the other," "unfair prejudice must do more than simply harm a defendant's case." *Archuleta*, 737 F.3d at 1293.

> Evidence becomes *unfairly* prejudicial . . . when it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.

*Id.* (internal quotation marks omitted).

Here, the gang-affiliation evidence has probative value because it further limits the already narrow pool of possible account owners when the three components of the email address are considered together.  The Government states it does not intend to use the information for purposes other than proving identity and that it will seek a limiting instruction. *See* Gov't's Second R. 404(b) Notice at 4-5.

The third prong supports admission because the probative value of the limited information about Defendant's gang affiliation is not substantially outweighed by unfair

prejudice. Further, a limiting instruction will mitigate any resulting prejudice. *Cf. United States v. Urbano*, 563 F.3d 1150, 1155 (10th Cir. 2009) ("This court generally assumes jurors follow jury instructions.").

CONCLUSION

For the foregoing reasons, the requests set forth by the Government in connection with its Second R. 404(b) Notice (Doc. No. 61) are preliminarily GRANTED IN PART and DENIED IN PART. Defendant's objections are likewise overruled in part and sustained in part. To the extent the Government seeks preadmittance of the disputed evidence, the request is denied. The Government may seek admission of the evidence at trial, and, if so admitted by the Court, the Government shall narrowly tailor the evidence of Defendant's gang affiliation to the specific context of proving identity and request a limiting instruction. Because the Government's theory rests on a chain of inferences based on circumstantial evidence, the Government shall not refer to a link between the email address and Defendant as conclusive evidence of the identity of the phone user during the controlled buys.

IT IS FURTHER ORDERED that any request for admission of such evidence, to include any reference to Defendant's gang affiliation, shall be made outside the presence of the jury.

Defendant's Motion in Limine (Doc. No. 86) is DENIED, without prejudice to specific objection being raised at trial, insofar as it seeks in-limine exclusion of evidence of Defendant's gang affiliation.

IT IS SO ORDERED this 18th day of December, 2024.


CHARLES B. GOODWIN
United States District Judge